## DAVIS v. MILLS.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 235. Argued April 19, 1904.—Decided May 16, 1904.

Section 554 of the Montana Code of Civil Procedure, limiting actions to enforce a special statutory director's liability to three years, applies to liabilities incurred before its passage under a different statute and goes with them as a qualification when they are sued upon in other States.

If such a statute of limitations allows over a year in which to sue upon an existing cause of action it is sufficient. A statute of limitations may bar an existing right as well as the remedy.

THIS case came here on a certificate of which the following is the material portion:

"The plaintiff is a citizen of Montana and the owner by assignment of three causes of action (for goods sold and on a promissory note) against the Obelisk Mining and Concentrating Company, a Montana corporation. The indebtedness of the company upon these causes of action accrued July 31, 1892, July 1, 1892, and December 12, 1892, respectively. The defendants are and always have been citizens and residents of Connecticut, and at all the times mentioned in the complaint were trustees of the said Obelisk Mining Company. The statutes of Montana provide that within twenty days from the first day of September every such company shall annually file a specified report, and that if it 'shall fail to do so, all the trustees of the company shall be jointly and severally liable

for all of the debts of the company then existing, and for all that shall be contracted before such report shall be made.' Section 460 of chapter 25 of the fifth division, Compiled Statutes of Montana, which was in force when the cause of action arose. Reënacted as section 451 of the Civil Code of Montana, which went into effect July 1, 1895.

"The Obelisk Company failed to file certain of the required reports and the causes of action sued upon here, against the defendants as trustees, to recover debts of the company, accrued September 22, 1893, or prior thereto. This action was brought to enforce the joint and several liability of the defendants under the statute on July 30, 1897.

"When the cause of action accrued the Compiled Statutes of Montana contained these sections:

"'SEC. 45. 1. In an action for a penalty or forfeiture, when the action is given to an individual, or to an individual and the Territory, except where the statute imposing it prescribes a different limitation; 2, an action against a sheriff or other officer for the escape of a prisoner arrested or imprisoned on civil process shall be commenced within one year.'

"'SEC. 50. If when the cause of action shall accrue against a person he is out of the Territory, the action may be commenced within the time herein limited, after his return to the Territory; and if after the cause of action shall have accrued he depart from this Territory, the time of his absence shall not be a part of the time limited for the commencement of the action.'

"Both of those sections were repealed by the Code of Civil Procedure, section 3482, which went into effect July 1, 1895. On the last-named date the Civil Code of Montana went into effect, containing section 451 above cited. The Code of Civil Procedure contains a separate title, numbered II, and containing four chapters (sections 470 to 559), which deals exhaustively with 'the time of commencing actions.' It contains these sections:

"'SEC. 515. Within two years:

" '1. An action upon a statute for a penalty or forfeiture, "when the action is given to an individual, or to an individual and the State, except when the statute imposing it prescribes a different limitation." '

·" 'SEC. 541. If, when the cause of action accrues against a person,· he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.'

" 'SEC. 554. This title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty of forfeiture attached or the liability created (*sic*).'

"Upon the facts above set forth, the question of law concerning which this court desires the instruction of the Supreme Court, for its proper decision, is:

" 'May a defendant in an action of the kind specified in section 554 of the Code of Civil Procedure of Montana avail of the limitation therein prescribed, when the action is brought against him in the court of another State?' "

*Mr. John A. Shelton*, with whom *Mr. T. J. Walsh* was on the brief, for Davis.

*Mr. William Waldo Hyde*, with whom *Mr. Charles E. Perkins* was on the brief, for Mills.

MR. JUSTICE HOLMES, after making the foregoing statement, delivered the opinion of the court.

The general theory on which an action is maintained upon a cause which accrued in another jurisdiction is that the liability is an *obligatio*, which, having been attached to the person by the law then having that person within its power, will be

treated by other countries as accompanying the person when brought before their courts. But, as the source of the obligation is the foreign law, the defendant, generally speaking, is entitled to the benefit of whatever conditions and limitations the foreign law creates. *Slater* v. *Mexican National Railroad*, 194 U. S. 120. It is true that this general proposition is qualified by the fact that the ordinary limitations of actions are treated as laws of procedure and as belonging to the *lex fori*, as affecting the remedy only and not the right. But in cases where it has been possible to escape from that qualification by a reasonable distinction courts have been willing to treat limitations of time as standing like other limitations and cutting down the defendant's liability wherever he is sued. The common case is where a statute creates a new liability and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not. *The Harrisburg*, 119 U. S. 199. But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right.

 If, then, the only question were one of construction and as to liabilities subsequently incurred, it would be a comparatively easy matter to say that section 554 of the Montana Code of Civil Procedure qualifies the liability imposed upon directors by section 451 of the Civil Code, and creates a condition to the corresponding right of action against them, which goes with it into any jurisdiction where the action may be brought. But the question certified raises greater difficulties both as to construction and as to power. We have first to consider whether section 554 purports to qualify, or to impose a condition upon, liabilities already incurred under the earlier act taken up into section 451. In doing so we assume that the

word "directors" in the later act means the same as "trustees" in the earlier one. The contrary was not suggested.

At the argument we were pressed with section 3455 of the Code of Civil Procedure: "No action or proceeding commenced before this Code takes effect, and no right accrued, is affected by its provisions." But the trouble made by this is more seeming than real. The following section deals specifically with limitations, and must be taken to override a merely general precaution against the disturbance of vested rights. By § 3456: "When a limitation or period of time prescribed in any existing statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before this Code goes into effect, and the same or any limitation is prescribed in this Code, the time which has already run shall be deemed part of the time prescribed as such limitation by this Code." The language clearly imports that the limitations in the Code are to apply to existing obligations upon which the previous limitation already had begun to run. The result is that § 554 purports to substitute a three years' limitation for the one year previously in force, assuming that the previous one year limitation applied to this case, as under the decisions it did. *State Savings Bank* v. *Johnson*, 18 Montana, 440; *Park Bank* v. *Remsen*, 158 U. S. 337, 342. But if § 554 purported to make this substitution, it purported to introduce important changes. It lengthened the time on the one hand, but it took away the exception in case of absence from the State on the other. This last is disputed, but it seems to us a part of the meaning of the words "This title does not affect actions against directors," etc. The section as to absence from the State is a part of the title, and whatever necessary exceptions may be made from the generality of the words quoted, this is not one of them.

A further difference is that, while there might be difficulties in construing the general limitation upon actions for penalties as going to the right, this section is so specific that it hardly can mean anything else. We express no opinion as to the earlier act, but we think that this § 554 so definitely deals

with the liability sought to be enforced that upon the principles heretofore established it must be taken to affect its substance so far as it can, although passed at a different time from the statute by which that liability first was created. We do not go beyond the case before us. Different considerations might apply to the ordinary statutes as to stockholders. We express no opinion with regard to that.

We come then to the question of power. It is said that a statute of limitations cannot take away an existing right but only remedies, and therefore that, whatever the effect of § 554 on subsequently accruing liabilities, it cannot bar the plaintiff in this suit. Before considering this it is to be observed in the first place that, so far as the State of Montana was concerned, the only practical difference made by the statute was to take away the allowance for absence from the State while giving over a year for the prosecution of the action within it. The cause of action accrued on September 22, 1893, and the new statute went into effect on July 1, 1895, so that the plaintiffs had at least until September 22, 1896, in which to sue there. As to action within the State, it could not be contended that the change took away constitutional rights. It did not shorten liability unreasonably. *Wheeler* v. *Jackson*, 137 U. S. 245. The only way in which it could be made out that the attempt to take away a remedy outside the State after the same lapse of time was unconstitutional is through the theoretical proposition which we have stated. It is said that remedies outside the State can be affected only by destroying the right, and that no statute of limitations can do that.

It is quite incredible that such an unsubstantial distinction should find a place in constitutional law. Prescription which applies to easement the analogy of the statute of limitations unquestionably vests a title. There is no such thing as a merely possessory easement. A disseisor of a dominant estate may get an easement which already is attached to it, but the easement is attached to the land by title or not at all. Again, as to land the distinction amounts to nothing, because to deny

all remedy, direct or indirect, within the State is practically to deny the right. "The lapse of time limited by such statutes not only bars the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder." *Leffingwell* v. *Warren*, 2 Black, 599, 605. So far as we have observed, the cases which have had occasion to deal with the matter generally hold that the title to chattels, even, passes where the statute has run. *Campbell* v. *Holt*, 115 U. S. 620, 623; *Chapin* v. *Freeland*, 142 Massachusetts, 383, 386. Property is protected because such protection answers a demand of human nature, and therefore takes the place of a fight. But that demand is not founded more certainly by creation or discovery than it is by the lapse of time, which gradually shapes the mind to expect and demand the continuance of what it actually and long has enjoyed, even if without right, and dissociates it from a like demand of even a right which long has been denied. *Dunbar* v. *Boston & Providence Railroad*, 181 Massachusetts, 383, 385. Constitutions are intended to preserve practical and substantial rights, not to maintain theories. It is pretty safe to assume that when the law may deprive a man of all the benefits of what once was his, it may deprive him of technical title as well. That it may do so is shown sufficiently by the cases which we have cited and many others.

In the case at bar the question comes up in the most attenuated form. The law is dealing not with tangible property, but with a cause of action of its own creation. The essential feature of that cause of action is that it is one in the jurisdiction which created it; that it is one elsewhere is a more or less accidental incident. If the laws of Montana can set the limitation to the domestic suit, it is the least possible stretch to say that they may set it also to a foreign action, even if to that extent an existing right is cut down. We can see no constitutional obstacle in the way, and we are of opinion that they have purported to do it and have done it.

*The question is answered in the affirmative, and it will be so certified.*