## STEVENS v. WALKER.

### No. 662.

District Court, W. D. Washington, S. D.

July 14, 1945.

Wm. P. Lord and Ben Anderson, both of Portland, Or., and James W. Mifflin, of Seattle, Wash., for plaintiff.

Teats & Teats, of Tacoma, Wash., for defendant.

LEAVY, District Judge.

This matter was presented to the court on the defendant's motion for a summary judgment seeking a dismissal of the plaintiff's action. The motion for a summary judgment is based upon Rules 12(c) and 56 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The case is at issue and ready to be set down for trial. The defendant pleads the Oregon Statute of Limitations and the Oregon Law of Partnership, and the allegations in this regard have been admitted by the plaintiff in his reply.

The motion was heard by the court on oral argument on May 7, 1945, and the defendant relied upon two grounds in support of his motion: First, that the asserted claim for damages grew out of the negligent operation of a co-partnership business, of which co-partnership the defendant was a member; second, that the action was barred by the statute of limitations of the State of Oregon, where the injury occurred.

Following the argument, the matter was taken under advisement, and the court asked that counsel submit written briefs touching on the issue of the statute of limitations.

Each of the parties was given a limited time in which to file a memorandum of authorities; the defendant was first to submit his authorities on or before May 15, 1945, which he did, and the plaintiff was given until June 1. On June 1, plaintiff applied to have the time extended to and

including June 15, 1945, in which to file his memorandum of authorities. This application was granted by a formal order. The plaintiff to this date has failed to file any memorandum of authorities, and the court makes a disposition of the motion without the aid of such memorandum.

■ The contention of the plaintiff was that the Washington Statute of Limitations applied, while the defendant contended that the Oregon Statute applied. The court is of the opinion and finds that the Oregon Statute of Limitations must be given application in this cause, since it is in that State where the alleged injury and damages took place and the right of action rose. The date of the claimed injury is April 17, 1942. The action was commenced in this court by the filing of a complaint on October 5, 1944. The Oregon statute fixes the limitation for an action of this nature at two years, while the Washington statute has a three year limitation.

Having found that the Oregon Statute of Limitations and not the Washington Statute applies, we come then to the question raised by the plaintiff that even though the court should hold the Oregon Statute of Limitations should apply, the allegations of the plaintiff, which are admitted by defendant, are that the defendant during all times subsequent to the date of plaintiff's injury was absent from the State of Oregon, and under such circumstances, the Oregon Statute of Limitations would be tolled.

The issue raised by the defendant's motion as to whether an action against one member of a co-partnership in a tort action, such as we have here, is a joint liability and not a joint and several one, need not be considered, in view of the court's finding that this action is governed by the Oregon Statute of Limitations. The State of Oregon had adopted, and had in effect at the time liability herein arose, the Uniform Partnership Act.

■ The plaintiff's action, being governed by the Oregon Statute of Limitations, is therefore barred by the two year limitation, unless the further provision in the Oregon Statute relative to tolling the same during the absence of the defendant from that State, must be given application. The authorities cited by the defendant in his memorandum, together with others that the court has examined, clearly establish the law to be that the provision in the Oregon Statutes, tolling the same during a party's absence from the state, have no

application in the instant case. This action is brought in a Federal Court, and such court's process at all times since the date of the origin of the cause of action could have been invoked as against the defendant herein, irrespective of whether he was within or without the State of Oregon. The absence of the defendant from the State of Oregon in no manner affected the plaintiff's right to bring the action in this court, since the amount involved and the diversity of citizenship appear as facts in the pleadings, and the case is therefore governed by the law as announced in the following cases: Stern v. La Compagnie Generale Transatlantique, D.C., 110 F. 996; Pond Creek Mill & Elevator Co. v. Clark, 7 Cir., 270 F. 482; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067.

■ All of the foregoing authorities support the rule that if an action is barred by the law of the state where it has its origin, under facts such as are here admitted by the pleadings, the same would likewise be barred in a federal court, even where such federal court is located in another state.

In the Stern case, supra [110 F. 1000], the court said:

"Under such circumstances there is no sound reason why in this suit founded solely upon the New Jersey statute and brought in a federal court, the time limit of the statutory proviso should not be applied according to its terms."

In that case, as in the case at bar, the action was brought in a Federal Court in a state other than the one where the cause of action arose; the state where the action originated being New Jersey, and where it was instituted being New York; and, there, as here, it was contended that the defendant was not a resident of the State of New Jersey, and could not be served with process therein, and, therefore, the absence of the defendant from the State of New Jersey had the effect of tolling that state's statute of limitations. The situation in reference to the applicability of the state statute of limitations is identical with that in the instant case, even though the action was one brought in admiralty.

In the Pond Creek Mill & Elevator Co. case, supra, from the 7th Circuit, it was said [270 F. 488]:

" * * * the place of performance of the contract would be regarded as Okla-

homa, and the right of action there accrued, and, the action being there barred after five years, the Illinois statute will give effect to this limitation, and bar it in Illinois."

The Court is not arriving at its decision based upon the application of the Washington Statute, but wholly disregards the same as having no application whatever to the admitted facts as disclosed by the pleadings herein; and rests its decision solely upon federal practice.

In The Harrisburg case, supra, the Supreme Court of the United States uses the following language [119 U.S. 199, 7 S.Ct. 147]:

"The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right."

The foregoing direct and unequivocal statement of the law by the Supreme Court of the United States is in point in this case. The liability upon which recovery is sought is one dependent upon laws of the State of Oregon. The right to maintain such an action within a fixed time is likewise provided by the laws of Oregon, and those laws provide a two-year limitation of such right.

Had plaintiff seen fit to sue the defendant in the state courts of Washington, he could not have extended the time in which to bring his action by asserting the Washington Statute of Limitations, because it is provided by statute in Washington that:

"Foreign statutes of limitations, how applied. When the cause of action has arisen in another state, territory, or country between nonresidents of this state, and by the laws of the state, territory or country where the action arose, an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." Rem.Rev.Stat. of Wash. § 178.

In Davis v. Mills, supra, Justice Holmes, speaking for the Supreme Court, stated the law as follows [194 U.S. 451, 24 S.Ct. 695]:

"The essential feature of that cause of action is that it is one in the jurisdiction which created it; that it is one elsewhere is a more or less accidental incident. If the laws of Montana can set the limitation to the domestic suit, it is the least possible stretch to say that they may set it also to a foreign action, even if to that extent an existing right is cut down."

The pleadings herein disclose that the liability sought to be recovered upon had its origin in the State of Oregon. The remedy to effect a recovery is limited to two years. The tolling provision of the Oregon Statute is without application in a federal court, whose process was at all times available and could have been made effective within the time limits of such statute, had the plaintiff seen fit to institute his action within such time limits. Had the plaintiff seen fit to sue in the state courts of Washington, where the defendant was a resident, subsequent to two years after his right of action arose, he would have been barred by reason of the provisions of the law of Washington, which has been quoted herein.

To give application as contended for by the plaintiff to the tolling provision of the Oregon Statute, or the three year limitation of the Washington Statutes, would result in recognizing a liability that could not be maintained in the domestic courts of either state, and, thus, extend the time for instituting an action beyond that fixed by the laws of limitations of both states. It can thus readily be seen that such a situation would have the effect of extending the time for bringing an action beyond that recognized in either state, and this can not be accomplished by passing over the state courts and invoking the jurisdiction of the federal courts.

I have been cited to no authorities holding contrary to the above cited cases, and I have found none from independent research. Therefore, I hold that the Oregon Statute of Limitations of two years applies; that this action was not instituted within the time limited in such Statute, and the defendant is entitled to a summary judgment in his favor, dismissing the action.