Samuel M. COLE, as Executor of the Estate of James Larkin, deceased, Plaintiff,

v.

AMERICAN PRESIDENT LINES, Ltd., and Erie Railroad Company, Defendants.

United States District Court
S. D. New York.
Nov. 1, 1957.

Jacob Rassner, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, for defendant Erie Railroad Co.

LEVET, District Judge.

This is a motion by defendant Erie Railroad Company (hereinafter called Erie) for summary judgment, pursuant

to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the amended complaint on the ground that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law.

Plaintiff, James Larkin, now deceased, having been a resident of New Jersey, originally instituted an action against the American President Lines, Ltd. (hereinafter called American) on or about November 24, 1954, in the Supreme Court of the State of New York, County of New York. The complaint alleged an accident to the plaintiff as a seaman while employed on board a ship of American, on December 30, 1952. On or about December 13, 1954, the action was removed to the United States District Court for the Southern District of New York.

On June 22, 1955, a third party summons by the defendant American was issued against three third party defendants, including Erie, and on June 23, 1955 it was served on Erie. This was the first connection of defendant Erie with this case.

On December 5, 1955, a so-called "additional summons" was issued in favor of James Larkin against Erie. It was served on December 6, 1955, this being the first occasion on which defendant Erie was asked to answer to plaintiff Larkin's complaint.

In the amended complaint filed on December 5, 1955, Larkin sought damages against American as lessee of Pier 9, Jersey City, New Jersey, and against Erie as owner of said property, for an accident occurring on it on December 30, 1952. On January 27, 1956, plaintiff Larkin died.

On April 19, 1957, Samuel M. Cole, as Executor of the Estate of James Larkin, deceased, was substituted as plaintiff for James Larkin. However, there was no change in the complaint.

■ Defendant Erie's answer to the amended complaint was filed on June 6, 1956. In addition to denials, it contains the defense of the statute of limitations,

whereby it asserts that the action or claim arose in New Jersey, where plaintiff Larkin was a resident; that Section 13 of the Civil Practice Act of the State of New York (the so-called "borrowing statute") applies to require the claim to be brought within the time specified by the New Jersey statute of limitations, N.J.S.A. 48:12–151. This statute reads as follows:

"Limitation of actions; injuries to persons; death; injuries to property by fire

"All actions accruing from injuries to persons caused by the wrongful act, neglect or default of any railroad company owning or operating any railroad within this state, shall be commenced and sued within two years next after the cause of action accrued, and not after. Actions by an executor or administrator for injuries causing the death of the testator or intestate shall be commenced and sued within two years next after the death, and not after. All actions for injury done to any property by fire communicated by an engine of any railroad company on any railroad within this state shall be commenced and sued within two years after the cause of action accrued, and not after."

This motion for summary judgment, based upon the application of the defense of the statute of limitations, is properly made. See Rule 56, Federal Rules of Civil Procedure, Note 72; Carpenter v. Rohm & Haas Co., D.C.D.Del.1948, 75 F.Supp. 732, affirmed 3 Cir., 1948, 170 F.2d 146; Stevens v. Walker, D.C.W.D. Wash.1945, 61 F.Supp. 441; Gonzales v. Tuttman, D.C.S.D.N.Y.1945, 59 F.Supp. 858; United States for Use and Benefit of Genesee Sand & Gravel Corp. v. Fleisher Engineering & Construction Co., D.C.W.D.N.Y.1942, 45 F.Supp. 781.

■ The present plaintiff contends that the three-year statute of an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 56, applies. Plain-

tiff's decedent, however, was not a railroad employee. In fact, he was the employee of a ship. Secondly, the plaintiff contends that the date of the summons against the defendant American is within the two-year New Jersey statute and, hence, defendant Erie, which was not brought into the action even as a third party defendant until June 22, 1955, was sued within the two-year period. This is obviously unsound.

Therefore, there is no doubt that defendant Erie is entitled to an order dismissing the amended complaint. Whether or not the executor herein has a cause of action for death under the second sentence of the New Jersey statute is not passed upon at this time. This dismissal is granted without prejudice to an application by the executor to apply for leave to amend the complaint, but without any determination as to whether or not the pertinent statute of limitations has run against such a complaint.

Settle order on notice.