**Hobart LEWIS and Ronald Lewis, dba Lewis Brothers, Plaintiffs,**

**v.**

**FOOD MACHINERY AND CHEMICAL CORPORATION, JOHN BEAN DIVISION, Defendant.**

**No. 4361.**

United States District Court
W. D. Michigan, S. D.

Sept. 7, 1965.

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., John M. Wolford, Erie, Pa., William G. Reamon, Grand Rapids, Mich., of counsel, for plaintiffs.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., William D. Buchanan, Grand Rapids, Mich., of counsel, for defendant.

FOX, District Judge.

This is an action by plaintiffs, Pennsylvania residents, against defendant, a Delaware corporation, for breach of express and/or implied warranties concerning the performance and operation of a potato harvester manufactured by defendant, and used by plaintiffs in their potato farming business.

Jurisdiction is based on diversity of citizenship, and the action is brought in this judicial district under the provisions of 28 U.S.C.A. § 1391(c).

Actions for breach of express or implied warranties in Pennsylvania are now, and were at the time this suit was instituted, covered by the provisions of the Pennsylvania Uniform Commercial Code, specifically 12A Purdon's Pennsylvania Statutes Annotated §§ 2–313 and 2–315.

Defendant has moved for a summary judgment, based on Annotated Purdon

Statutes 2-725, which is the applicable statute of limitations.[1]

The motion is denied.

Plaintiffs purchased the harvester on August 6, 1956, and instituted the present action in this court on August 6, 1962, alleging that the machine did not perform as warranted during 1956 and 1957. The Michigan Statute of Limitations on actions for breach of contract is six years, being MSA 27A.5807, Comp.Laws 1948, § 600.5807 [P.A.1961, No. 236].[2]

■ MSA 27A.5827, Comp.Laws 1948, § 600.5827 [P.A.1961, No. 236] provides that the period of limitation runs from the time the claim accrues. Since this claim is based on a breach of warranty, and this breach did not occur until sometime after the machine was placed into operation, necessarily after the August 6, 1956 purchase date, it is apparent that the action was commenced within the six year limitation period prescribed by the Michigan Statute.[3]

The question for this court is simply whether to apply the statute of limitations of the State of Michigan, in which case the claim will stand, or that of the State of Pennsylvania, in which case it is barred.

■ It is well settled that the statute of limitations normally to be applied is that of the forum. Janes v. Sackman Bros. Co., 2 Cir., 177 F.2d 928, Titus v. Wells Fargo Bank & Union Trust Co., 5 Cir., 134 F.2d 223.

■ Thus, where the rights of the parties are grounded upon the law of a jurisdiction other than that of the forum, the court will apply the substantive law of the foreign jurisdiction, but its own procedural law. Bournias v. Atlantic Maritime Co., 2 Cir., 220 F.2d 152, Baldwin v. Brown, 202 F.Supp. 49 (E.D.Mich. 1962).

The precise issue here, that upon which decision of this motion rests, is whether the Pennsylvania statute of limitations is procedural, affecting merely the remedy, or substantive, affecting the right of action itself.

■ When the statute of limitations of a foreign jurisdiction is so integrally connected with the right upon which the action is based, it is viewed as a qualification on that right, and is applied in lieu of the statute of limitations of the forum state. Bournias v. Atlantic Maritime Co., supra.

1. "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the

termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this chapter becomes effective. (1957, 765, § 1; effective Oct. 1, 1958.)"

2. " * * * (8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract." [(1) through (7) deal with periods of limitation on actions not germane to the instant suit.]

3. It is interesting to note at this point that the Michigan Legislature has provided in MSA 27A.5861, Comp.Laws 1948, § 600.-5861 [P.A.1961, No. 236], the uniform statute of limitations on foreign claims act, that in the future any claims accruing outside of the State of Michigan shall be governed by whichever statute of limitations operates to bar the claim.

Mr. Justice Holmes, speaking in Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067, stated the principle in the following manner:

"The common case [where limitations are treated as 'substantive'] is where a statute creates a new liability, and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not. The Harrisburg, 119 U.S. 199 [7 S. Ct. 140], 30 L.Ed. 358. But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." Id. at 194 U.S. 454, 24 S.Ct. at 694.

The principle has also been expressed by numerous cases holding that where the right sued upon is one unknown to the common law of a state, that is, a creature of statutory law, the statutory period of limitations is an inherent element of the right, and no action may be maintained in any forum after the expiration of that period. Maki v. George R. Cooke Co., 124 F.2d 663, 146 A.L.R. 1352 (CCA 6, 1942); Rodzik v. New York Central R.R. Co., 169 F.Supp. 803 (E.D.Mich.1959); Cauley v. S. E. Massengill Co., 35 F.Supp. 371 (D.C.Tenn.1940).

Since this court was without adequate facilities to properly research the question, it requested counsel for both parties to brief the issue, and this request has been complied with.

Counsel for plaintiffs cites the court to two early Pennsylvania cases which clearly indicate that a cause of action existed in Pennsylvania for breach of both express and implied warranties long before the adoption of the Uniform Commercial Code by that state.

Montgomery Foundry & Fittings Co. v. Hall Planetary Thread Milling Mach. Co., 282 Pa. 212, 127 A. 633 (1925) is an action for breach of express warranties maintained without reference to any statutory right of action.

As to implied warranties, the case of Jones & Laughlin Steel Co. v. Wood, 249 Pa. 423, 94 A. 1067, (1915), amply supports plaintiffs' position that an action for breach of an implied warranty existed in Pennsylvania without regard to any statute.

Defendant's only argument on the point is that the right of action existing at the time of these cases was not the right of action supporting this suit.

The Uniform Sales Act, which apparently codified the existing common law in Pennsylvania and which became effective in that state on January 1, 1916, provided in pertinent part (§ 124) as follows:

"Where a buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

The Uniform Commercial Code, now in effect in Pennsylvania, provides as follows in 12A Annotated Purdon Statutes 2–315:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

Defendant argues that the Uniform Commercial Code shifts the burden of proof in breach of warranty actions from the purchaser to the seller, and therefore, the rights now existent did not exist prior to its adoption.

A statutory shift in the burden of proof from the purchaser to the seller in a breach of warranty action does not change the substantive character of the action. It is but a change in evidentiary procedure.

Irrespective of the burden of proof, an action for breach of warranty, express or implied, did exist in Pennsylvania long before adoption of the Uniform Commercial Code. Thus, the Uniform Commercial Code did not create a new cause of action. Therefore, the statute of limitations contained in the Pennsylvania Code, under the authorities set forth above, is not a part of the substantive right. Under well established rules of construction, this court is required to apply the applicable Michigan statute of limitations.

The motion is accordingly denied. An order may be submitted for the court's signature.