ASIAN AMERICAN ENTERTAIN-
MENT CORPORATION, LIMITED, a
Macau corporation, Plaintiff–Appel-
lant,

v.

LAS VEGAS SANDS, INC., a Nevada
corporation; Venetian Casino Resort,
LLC, a Nevada limited liability com-
pany; Venetian Venture Development,
LLC, a Nevada limited liability com-
pany; William P. Weidner, an individ-
ual; and David Friedman, an individ-
ual, Defendants–Appellees.

No. 07–16646.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed April 10, 2009.

Ross C. Goodman, Esquire, Las Vegas, NV, William W. O'Connor, Esquire, Adrienne Barnett Robertson, Esquire, Joel L. Wohlgemuth, Esquire, Norman Wohlgemuth Chandler & Dowdell, Tulsa, OK, for Plaintiff–Appellant.

Russell Hardin, Jr., Esquire, Ryan K. Higgins, Esquire, Joe Roden, Esquire, Rusty Hardin & Associates PC, Houston, TX, Samuel S. Lionel, Esquire, Lionel, Sawyer and Collins, Akke Levin, Kristina Pickering, Esquire, Morris, Pickering & Peterson, Las Vegas, NV, for Defendants–Appellees.

Before: McKEOWN and IKUTA, Circuit Judges, and BLOCK,\* Senior District Judge.

## MEMORANDUM\*\*

Asian American Entertainment Corporation, Limited ("AAE") appeals the district court's judgment dismissing its complaint, which alleges breaches of director's and joint-venturer's fiduciary duties and breach of contract, as time-barred under Nevada's statutes of limitations. AAE argues that the district court should have applied the statutes of limitations of Macau, or in the alternative, that the district court applied the incorrect Nevada statute of limitations to the contract claim. We have jurisdiction, *see* 28 U.S.C. § 1291; reviewing *de novo, see Simon v. Hartford Life, Inc.,* 546 F.3d 661, 663–64 (9th Cir. 2008), we affirm in part and reverse in part.

■ The district court correctly held that AAE's claims are governed by Nevada's statutes of limitations. "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state"—here, Nevada. *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 (9th Cir.1987). The relevant choice-of-law rule, as established by the Nevada Supreme Court, is the rule of *lex fori*: i.e., that "the Statute of Limitations of the forum [will] govern the remedy...." *Wilcox v. Williams,* 5 Nev. 206, 1869 WL 2402, at \*4 (1869); *accord Sierra Diesel Injection Serv. v. Burroughs Corp.,* 648 F.Supp. 1148, 1152 (D.Nev.1986) ("[T]he local law of the forum governs whether an action is barred by the statute of limitations.") (applying Nevada law).

While the Nevada Supreme Court has adopted a context-sensitive "most significant relationship" test with respect to the choice of *substantive* law in at least one area—torts, *see Gen. Motors Corp. v. Eighth Judicial Dist. Court of State of Nevada ex rel. County of Clark,* 122 Nev. 466, 134 P.3d 111, 116 (2006), it has not abrogated *Wilcox*'s *lex fori* approach to statute-of-limitations conflicts, and "this Court's duty is 'to ascertain and apply the existing [Nevada] law, not to predict that [Nevada] may change its law and then to apply [our] notion of what that change

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

might or ought to be.'" *Cabrera v. City of Huntington Park*, 159 F.3d 374, 378–79 (9th Cir.1998) (quoting *Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 (9th Cir.1974)) (third alteration in *Cabrera*).

■ AAE argues that this case comes within the "substantive" exception to the rule of *lex fori*, under which one jurisdiction's courts will apply another jurisdiction's statute of limitations on the ground that the non-forum jurisdiction's statute "bars the right and not merely the remedy." Restatement (Second) Conflicts of Law § 143 (1971); *see Davis v. Mills*, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). We disagree. If Nevada law were to include this exception, it applies only where the "substantive" foreign statute of limitations is shorter than that of the forum, *see Zellmer v. Acme Brewing Co.*, 184 F.2d 940, 943 (9th Cir.1950); that is not the case here. Furthermore, giving AAE the benefit of the doubt as to the accuracy of its translations of the Macau Civil and Commercial Codes, the Macau statutes of limitations to which AAE points apply broadly to many causes of action and are not "directed to [AAE's causes of action] so specifically as to warrant saying that [they] qualif[y] the right[s]" themselves. *Bournias v. Atl. Maritime Co.*, 220 F.2d 152, 155–57 (2d Cir.1955) (quoting *Davis*, 194 U.S. at 454, 24 S.Ct. 692); *see also Sokolowski v. Flanzer*, 769 F.2d 975, 979 (4th Cir.1985) (following *Bournias*); *Pierre v. Hess Oil Virgin Islands Corp.*, 624 F.2d 445, 450 (3d Cir.1980) (same); Restatement (Second) Conflicts of Law § 143 cmt. c (1971) (citing the *Davis/Bournias* rule as "the usual test").

■ Because Nevada's statutes of limitations govern, AAE's fiduciary-duty claims are barred by Nevada's three-year statute of limitations for such claims. *See Shupe v. Ham*, 98 Nev. 61, 639 P.2d 540, 542 (1982) (citing Nev.Rev.Stat. § 11.190(3)). However, the timeliness of AAE's contract claim depends on whether it is governed by Nevada's six-year statute of limitations for actions upon a written contract or its four-year statute of limitations for actions on unwritten contracts. *See Sorenson v. Pavlikowski*, 94 Nev. 440, 581 P.2d 851, 854 (1978) (citing Nev.Rev. Stat. §§ 11.190(1)(b), 11.190(2)(c)). AAE alleges that the parties entered into a written agreement, but later extended the life of the agreement by parol. The district court held that the four-year period applies, citing *Snow v. Nelson*, 113 F. 353 (C.C.D.Nev.1902), for the proposition that "[a] contract partly in writing and partly oral is, in legal effect, an oral contract." *Id.* at 357.

■ We find *Snow* inapplicable. In *Snow* and other cases applying a shorter statute of limitations to partly oral contracts, "*resort to oral testimony was compelled* to make complete the showing. of any legal liability . . . ." *Klein v. Frank*, 534 F.2d 1104, 1107 (5th Cir.1976) (emphasis added). Here, however, the alleged oral extension did not alter the parties' obligations, and AAE's complaint can be read as alleging at least *some* breaching conduct during the life of the parties' agreement as originally written. As far as such conduct is concerned, no oral testimony as to the extension need be introduced to show liability; therefore, on remand, the six-year limitations period should be applied to AAE's claim for breach of contract insofar as it is premised upon pre-extension conduct.

We deny AAE's request that we remand to a different district court judge; AAE has not demonstrated any "personal bias or . . . unusual circumstances" warranting reassignment. *California v. Montrose Chem. Corp. of California*, 104 F.3d 1507, 1521 (9th Cir.1997) (internal quotation marks omitted).

Each party should bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**