Kathleen MARAFINO, Appellant,

v.

ST. LOUIS COUNTY CIRCUIT COURT,
and St. Louis County,
Missouri, Appellees.

No. 82–1510.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1983.

Decided June 3, 1983.

Shulamith Simon, Mark G. Arnold, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for appellee, St. Louis County Circuit Court.

Mary Anne Sedey, Chackes, Hoare & Sedey, St. Louis, Mo., for appellant.

Before BRIGHT, ARNOLD and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Kathleen Marafino brought suit against the St. Louis County Circuit Court and St. Louis County, Missouri, alleging that the circuit court violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, by failing to hire her for a staff attorney position because of her impending need for a leave of absence due to pregnancy. The district court[1] found in favor of the circuit court, 537 F.Supp. 206, and Marafino appeals. We conclude that the district court's finding that Marafino failed to demonstrate pretext is not clearly erroneous and accordingly affirm.

I. *Background.*

In January or February of 1977, Marafino learned she was pregnant. In April, she interviewed for a position as staff attorney in the St. Louis County Circuit Court's Juvenile Division. Marafino did not mention her pregnancy at that time. After interviewing all prospective applicants, the head of the Juvenile Division's Legal Depart-

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

ment, Corinne Richardson, called Marafino and advised her that she was the best qualified candidate for the position. Marafino then informed Richardson that she expected to deliver a child in late September and would require a four-to-eight week leave of absence following delivery.

Shortly thereafter, Marafino met with Judge Edwards of the Juvenile Court. Judge Edwards knew of Marafino's pregnancy at the time. Richardson told Edwards, however, that in her estimation, the department could handle Marafino's leave of absence were she hired. Upon Richardson's recommendation, Judge Edwards forwarded Marafino's name to the court en banc for consideration.

On May 13, 1977, Marafino met with the judges of the St. Louis Circuit Court. Following the meeting, several of the judges expressed reservations to Judge Edwards about hiring an employee who would require a leave of absence so soon after beginning work. After these conversations, Judge Edwards reconsidered his original decision to recommend Marafino, and concluded that it had been a mistake. He subsequently withdrew his recommendation that Marafino be appointed staff attorney. The circuit court later hired Roger Keene to fill the position for which Marafino had been recommended, and he began to work on July 1, 1977.

On August 11, 1977, Marafino filed a charge of sex discrimination with the Equal Employment Opportunity Commission. Upon receiving her right to sue letter, Marafino filed suit against the circuit court and St. Louis County under Title VII. Following a bench trial, the district court entered judgment in favor of the circuit court. This appeal followed.

II. *Discussion.*

The central issue on appeal is whether Marafino met her burden of showing that the employer's asserted business reason for failing to hire her was a pretext for sex discrimination.[2] The district court correctly found that Marafino established a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). She is a member of a protected group under Title VII. She applied for and was qualified for the staff attorney position; she was rejected and, thereafter, the employer continued to seek other applicants for the position. The circuit court also met its burden of articulating a nondiscriminatory reason for denying Marafino employment. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Judge Edwards explained that he believed it would be a bad business practice to hire an employee who planned to take a leave of absence within a few months of beginning work, because he was concerned about the harmful effect of an interruption in service during the employee's training period. The burden then shifted back to Marafino to prove that the employer's business reason for not hiring her was pretextual. *Id.* at 256, 101 S.Ct. at 1095. After reviewing all the evidence, the district court specifically found that Marafino had failed to demonstrate pretext.

▪ The district court's findings of fact in an employment discrimination case are subject to the clearly erroneous standard of review. *See Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982); *Coble v. Hot Springs School District No. 6,* 682 F.2d 721, 723 (8th Cir.1982). Whether the employer offered a proper business reason or a pretextual one constitutes a question of fact for the factfinder. As the Supreme Court recently observed in *United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, ——, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983), "the district court must decide which party's explanation of the employer's motivation it believes." After

---

**2.** This case appears to have been tried as a disparate treatment case, although Marafino also argues that a policy of excluding employees who will need early leaves of absence has a disparate impact on women. We express no view on the merits of the latter theory, but note simply that the district court correctly found that Marafino presented no evidence at trial that would support a finding of disparate impact.

carefully reviewing the record, we are not "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

This is a very close case. The record contains evidence which would have supported a finding in Marafino's favor. However, it also contains evidence supporting the district court's finding for the circuit court. Because we cannot say that the district court's findings of fact are clearly erroneous, we affirm the judgment of the district court.