Roy T. WHITFIELD, et al.

v.

CITY OF KNOXVILLE, et al.

No. Civ. 3–83–244.

United States District Court,
E.D. Tennessee, N.D.

July 15, 1983.

Herbert S. Moncier and J. Anthony Farmer, Knoxville, Tenn., for plaintiffs.

Jon Roach, City Law Director, Knoxville, Tenn., for defendants.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, Chief Judge.

This is an action for violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Upon the statements of counsel, the testimony of witnesses and the stipulations submitted by the agreement of the parties, the Court adopts, finds, and concludes as follows:

The City of Knoxville is an employer within the meaning of 29 U.S.C. § 630(b). Each of the plaintiffs was employed by defendant City of Knoxville prior to December 31, 1982 in either the police or fire department for the City of Knoxville. On December 16, 1982 upon the written recommendation of the Director of Public Safety for the City of Knoxville, Harold Shipley, Randy Tyree, Mayor of defendant City of Knoxville, notified plaintiffs in writing that they were to be involuntarily retired pursuant to Section 122 of the Charter for the City of Knoxville on the basis that they had reached the age of fifty years and had completed twenty-five years in the service of the City of Knoxville.

Plaintiffs, in an attempt to prevent their involuntary retirements, immediately filed an action in State court seeking to enjoin their involuntary retirements. Plaintiffs' State court action was based upon Tenn. Code Ann. § 4–21–105 which purports to

prohibit employment discrimination based upon age. By agreement, plaintiffs were allowed to continue their employment until January 31, 1983. The State action terminated in the entry of a judgment on January 26, 1983 denying plaintiffs relief under the relevant Tennessee legislation, the United States Constitution, and the Tennessee Constitution.

Plaintiffs thereafter on February 7, 1983 filed charges of age discrimination with the Equal Employment Opportunity Commission against defendants based upon plaintiffs' allegations that defendants were in violation of the Age Discrimination in Employment Act enacted by the Congress of the United States. Upon receipt of the charges, the agents and representatives of the Equal Employment Opportunity Commission contacted defendants in an attempt to investigate and conciliate the charges of discrimination as alleged by plaintiffs. Defendants failed and refused to respond to the inquiries and attempts of conciliation of the Equal Employment Opportunity Commission.

■ Plaintiffs, at the time of their involuntary retirements, effective December 31, 1982 were satisfactorily performing the jobs they held with defendant City of Knoxville. Section 122 of the Charter for the City of Knoxville upon which defendants have relied in forcing the retirements of plaintiffs is not based upon a bona fide occupational qualification of age fifty. Plaintiffs were terminated based upon the allegations of defendants that a reduction in force was necessitated by revenue shortfalls and not because plaintiffs were not able to perform the jobs they held or were not satisfactorily performing them, but solely because plaintiffs had reached the age of fifty years and had completed twenty-five years of service to the City of Knoxville.

At the time defendants involuntarily retired plaintiffs, the application of the Age Discrimination in Employment Act to states and municipalities was an unsettled ques-

tion of law. The issue was then pending before the Supreme Court in the case of *Equal Employment Opportunity v. Wyoming,* —— U.S. ——, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983). The Court held on March 2, 1983 that the extension of the Age Discrimination in Employment Act to cover state and local governments is a valid exercise of Congress' powers under the Commerce Clause and is not precluded by the Tenth Amendment. *See Id.*

The Court's jurisdiction in this case is based upon 28 U.S.C. § 1331 and § 1343. Jurisdiction is additionally conferred by § 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b) and by § 17 of the Fair Labor Standards Act, 29 U.S.C. § 217.

Section 122 of the Charter for the City of Knoxville, as copied and set out in the Stipulations of the parties and as it existed on December 16, 1982, is in violation of the Age Discrimination in Employment Act as adopted by Congress, in that this Charter provision allows the defendant employer, City of Knoxville, to unlawfully force the retirement of its employees solely on the basis of age. The age of fifty years as provided in Section 122 of the Charter of the City of Knoxville and in effect on December 16, 1982 does not constitute a bona fide occupational qualification as provided in the Age Discrimination in Employment Act for the positions held and the duties performed by plaintiffs, members of the Knoxville fire and police departments. The involuntary retirements of plaintiffs even when based upon legitimate economic reasons as alleged by defendants are not lawful, in that existing economic conditions do not allow employers to avoid the congressionally enacted prohibition against age discrimination. *See Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1180 n. 5 (6th Cir. 1983).

■ The institution of litigation in the State court in reliance upon State legislation purporting to prohibit age discrimina-

tion does not bar or estop plaintiffs from pursuing their action herein in that plaintiffs are required to commence state action pursuant to 29 U.S.C. § 633(b). The commencement and termination of plaintiffs' action pursuant to the Tennessee statutes upon which plaintiffs relied did not represent a full and fair hearing on the merits of plaintiffs' allegations of discrimination based upon age as required by the United States Supreme Court. *See Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The issues raised in the State action were not the same as or equivalent to the issues raised in the action *sub judice, Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), and the termination of the State action does not bar or estop this action. The actions of the plaintiffs herein are not barred by the tenth or fourteenth amendments to the Constitution of the United States. *See Equal Employment Opportunity Commission v. Wyoming,* —— U.S. ——, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983).

The actions by the defendants were not willful violations of the Age Discrimination in Employment Act. They were taken in good faith and reliance on the theory that the Act could not constitutionally be applied to the City.

For the foregoing reasons, it is ORDERED that plaintiffs be reinstated to the positions they held prior to their unlawful retirement. It is further ORDERED that plaintiffs recover damages equivalent to their loss of compensation, fringe benefits, and accumulated annual sick leave, minus any amounts received as retirement incentive bonuses from the City of Knoxville.

Order Accordingly.