Ollie Faye **PARKER**, Plaintiff-Appellant,

v.

**FORT SANDERS REGIONAL MEDICAL CENTER**, Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Dec. 9, 1983.

Application for Permission to Appeal
Denied by Supreme Court
April 2, 1984.

Harry Wiersema, Jr., Knoxville, for plaintiff-appellant.

Lewis R. Hagood and Dan Rhea, Knoxville, for defendant-appellee.

## OPINION

GODDARD, Judge.

Ollie Faye Parker, Plaintiff-Appellant, appeals the action of the Trial Court in sustaining the motion of Fort Sanders Regional Medical Center, Defendant-Appellee, to dismiss[1] her action brought under the Federal Age Discrimination in Employment Act (29 U.S.C.A. § 621, et seq.). The Trial Judge's action was prompted by his belief that Tennessee courts lacked subject matter jurisdiction.

The complaint alleges that the Plaintiff was discharged on October 22, 1980, because of her age, in violation of the Federal Statute mentioned above. At the time of her dismissal the State of Tennessee had enacted an age discrimination statute, with an effective date of July 1, 1981.

The Federal Statute (29 U.S.C.A. § 626[c]), sofar as pertinent, provides the following:

> Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

The Appellee argues that notwithstanding the broad language of the Statute, Tennessee courts do not have subject-matter jurisdiction or in the alternative that they should not exercise it. In support of the first argument, they rely upon *Chamberlain v. Brown,* 223 Tenn. 25, 442 S.W.2d 248 (1969), which was a suit involving the Federal Civil Rights Statute (42 U.S.C.A. § 1983). In that case the Court noted that 42 U.S.C.A. § 1983 as originally introduced contained the phrase "such proceeding to be prosecuted in the several district or circuit courts of the United States," and concluded the following (223 Tenn. 31, 442 S.W.2d 250):

> [A]fter considering the Congressional Records pertinent to this legislation which disclose its historical background, the temper of the times and climate of opinion held and expressed in this regard, we are firmly convinced that there is abundant indication that these statutes creating this action were directed to the federal trial forum, not the respective States. In any event, no policy of this State can be found in its history, judicial or otherwise, that would require the judi-

---

**1.** Although certain affidavits were introduced, and the motion speaks of a motion to dismiss or in the alternative for summary judgment, in light of the fact that the affidavits and supporting documents related to the alternate defense of statute of limitations and were not germane to the reason for dismissal, we do not believe that the motion was converted into one for summary judgment pursuant to Rule 12.03 of the Tennessee Rules of Civil Procedure.

cial branch of the government of Tennessee to entertain such action.

An unreported opinion from the Middle Section of this Court, authored by Judge Lewis, *Burton v. Rose,* filed in Nashville September 18, 1981, which was also an action seeking redress for violation of the Civil Rights Statute, follows *Chamberlain.* But a later unreported case, *Tinker v. Town of Oliver Springs,* filed in Knoxville June 16, 1982, holds such an action is maintainable.

On the other hand, the Supreme Court in addressing another Federal Statute—the Federal Labor Standards Act, which also speaks of "any court of competent jurisdiction"—has decided that Tennessee courts could entertain claims thereunder. *Clover Bottom Hospital and School v. Townsend,* 513 S.W.2d 505 (Tenn.1974); *Tapp v. Price-Bass Co.,* 177 Tenn. 189, 147 S.W.2d 107 (1941).

█ In the present case, absent any proof of legislative history which would indicate a contrary intention, and in light of the expansive language of the Federal Statute, we are persuaded that it was the intent of Congress that such actions could be brought in state courts.

█ The next question is whether the Court should exercise such jurisdiction. As to this point the Defendant argues that because Tennessee did not have a statute on the subject as of the date of the Plaintiff's termination, it is evident that the public policy of this State is not to enforce such a cause of action, and consequently Tennessee courts should refuse to accept jurisdiction under the Federal Statute.

A similar argument was made in *Mondou v. New York, N.H. & H.R. Co.,* 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327 (1912). The Court, in rejecting the argument, used the following language (at page 57):

> The suggestion that the act of Congress is not in harmony with the policy of the state, and therefore that the courts of the state are free to decline jurisdiction, is quite inadmissible, because it presupposes what in legal contemplation does not exist. When Congress, in the exertion of the power con-

fided to it by the Constitution, adopted that act, it spoke for all the people and all the states, and thereby established a policy for all. That policy is as much the policy of Connecticut as if the act had emanated from its own legislature, and should be respected accordingly in the courts of the state.

Having thus concluded that under the Federal Statute, Tennessee state courts have jurisdiction, we can think of no valid reason that they should not accept it. Indeed, we are of the opinion that the judges of the courts of this State are as able as those in the federal system.

We do not address the second question raised below—the statute of limitations—because it was not briefed or argued.

For the foregoing reasons the Trial Court is reversed and the cause remanded for such further proceedings as may be appropriate. The costs of appeal are adjudged against the Defendant.

SANDERS and FRANKS, JJ., concur.