Roy T. WHITFIELD, et al., Plaintiffs,

Paris D. Goin, Plaintiff-Appellee, Cross-Appellant,

v.

CITY OF KNOXVILLE, et al., Defendants-Appellants, Cross-Appellees.

Nos. 83–5510, 83–5582.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 18, 1984.

Decided March 6, 1985.

**457**

Jon Roach, City Law Director, Knoxville Dept. of Law, Mark C. Scruggs (argued), Robert H. Watson, Knoxville, Tenn., for defendants-appellants, cross-appellees.

Herbert S. Moncier (argued), J. Anthony Farmer, Knoxville, Tenn., for plaintiff-appellee, cross-appellant.

Before ENGEL, MARTIN and CONTIE, Circuit Judges.

CONTIE, Circuit Judge.

Defendants City of Knoxville, City Mayor Randy Tyree and City Director of Public Safety Harold Shipley appeal, and plaintiff Paris Goin[1] cross-appeals, from a district court judgment in favor of Goin in this action brought under the Age Discrimination in Employment Act of 1967 (ADEA). 29 U.S.C. § 621 *et seq.* The district court's opinion is reported at 567 F.Supp. 1344. The defendants contend that the district court should have ruled Goin's action barred under the doctrine of res judicata.[2] Goin asserts that the district court erred in refusing to award liquidated damages for a willful violation of ADEA. *See* 29 U.S.C. § 626(b). For the reasons stated below, we affirm the judgment of the district court.

**I.**

In December 1982, Goin was a policeman for the City of Knoxville. The district court found that he was performing his duties satisfactorily during the time period in question. The City was (and remains) an employer subject to the provisions of ADEA. *See* 29 U.S.C. § 630(b). Section 122 of the City Charter provided in pertinent part:

---

1. Goin is a former policeman for the City of Knoxville. The original complaint filed in the district court on April 13, 1983 named thirty-six plaintiffs, twelve of whom were former policemen (including Goin) and twenty-four of whom were former firemen. After the oral argument in this case, the appeal was voluntarily dismissed as to all plaintiffs except Goin under Rule 42(b) of the Federal Rules of Appellate Procedure. All plaintiffs except Goin voluntarily dismissed the cross-appeal under the same Rule.

2. The defendants assert the defense of res judicata (claim preclusion) and not the defense of collateral estoppel (issue preclusion). For a concise statement of the difference between these two doctrines, *see Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

**Retirement after twenty-five
years' service.**

Any member of either of the uniformed departments who shall have served in one or both of said departments of the City of Knoxville, or any of its predecessors, for twenty-five (25) separate years, and has reached the age of fifty (50) years, shall upon his written application or upon the written recommendation of the director of public safety and the city manager (mayor) be retired from the service of the city, and shall be paid by the City of Knoxville, a pension. . . .

The remainder of section 122 defined the level of pension that a retired employee would receive.

Upon the recommendation of Director of Public Safety Shipley, Mayor Tyree individually notified twenty-three policemen (including Goin) and thirty-three firemen in writing on December 16, 1982 that they were to be retired involuntarily under section 122 effective December 31, 1982. The notification letter from Tyree stated in part:

Pursuant to Section 122, the Director of Public Safety, due to certain revenue shortfalls which have necessitated a reduction in force, and after consultation with the Chief Operating Officer and myself, has recommended that you be retired from the service of the City effective December 31, 1982. I have concurred in and approved the Director of Public Safety's recommendation. Therefore, you will be retired from the service of the City in accordance with Section 122 effective December 31, 1982.

Plaintiff Goin was between the ages of forty and seventy at this time.

In an attempt to prevent the involuntary retirements, Goin and some of his fellow employees filed an action in the Knox County Chancery Court on December 23, 1982. The suit was based upon Tennessee's employment discrimination statute,

Tenn.Code Ann. § 4–21–101 *et seq.*,[3] and upon various provisions of the Tennessee and federal constitutions. The plaintiffs sought a temporary restraining order, permanent injunctive relief and damages. No federal ADEA claim was pleaded.

The Chancery Court rejected the plaintiffs' statutory claim on the ground that although Tennessee generally prohibits age discrimination by employers, *see* Tenn.Code Ann. § 4–21–105, and although a seniority system or employee benefit plan generally may not require or permit the involuntary retiring of employees on the basis of age, *see* Tenn.Code Ann. § 4–21–125(2), the defendants' decision under section 122 of the Charter was within the scope of an exception contained in § 4–21–125(2). The Chancery Court also rejected the federal and state constitutional claims. The court entered final judgment on February 8, 1983.

Goin and the other employees filed age discrimination charges with the EEOC. This ADEA suit was filed in the district court on April 13, 1983. The district court held that the action was not barred under principles of res judicata and that the defendants had violated ADEA by involuntarily retiring Goin because of age under section 122 of the Charter. The court granted relief but refused to award liquidated damages on the ground that the defendants had not willfully violated the Act:

The actions by the defendants were not willful violations of the Age Discrimination in Employment Act. They were taken in good faith and reliance on the theory that the Act could not constitutionally be applied to the City.

567 F.Supp. at 1347.

Conceding on appeal that the involuntary retiring of Goin under section 122 of the Charter was improper under ADEA, the defendants argue that Goin's claim nevertheless is barred on grounds of res judicata because Goin should have presented his ADEA claim in the Knox County Chancery

---

**3.** Like the federal ADEA, Tennessee's employment discrimination statute protects employees between the ages of forty and seventy from age discrimination. *See* Tenn.Code Ann. §§ 4–21– 105 & 4–21–126(a). The statute provides employees with a private right of action. *See* Tenn.Code Ann. § 4–21–124.

Court action. The defendants also contend that the ADEA violation was not willful because the issue of whether ADEA could constitutionally be applied to state and local governments had not been definitely decided as of December 16, 1982.[4]

## II.

We first address the issue of whether Goin's ADEA claim is barred under principles of res judicata because he did not assert the claim in the Knox County Chancery Court action. We hold that the claim is not barred, although for reasons different than those provided by the district court.[5]

█ Since this case involves a state court judgment,[6] this court must afford the same res judicata effect to that judgment as would the Tennessee courts. 28 U.S.C. § 1738; *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). Nothing in the ADEA evinces a Congressional intent that the rule set forth in § 1738 should not apply in age discrimination cases. *See Kremer*, 456 U.S. at 485 (in order for a departure from traditional rules of preclusion to be justified, Congress must plainly state such an intention). Moreover, and contrary to Goin's assertion, the Tennessee courts will adjudicate properly presented ADEA claims. *Parker v. Fort Sanders Regional*

*Medical Center*, 677 S.W.2d 455 (Tenn.App. 1983). Although the Tennessee courts will not adjudicate 42 U.S.C. § 1983 or § 1985(3) claims, *Chamberlain v. Brown*, 223 Tenn. 25, 442 S.W.2d 248 (Tenn.1969), that refusal stems from the legislative history and unique historical background of the Civil Rights Act of 1871. *Id.* 442 S.W.2d at 251–52. The *Chamberlain* holding does not support the conclusion that the Tennessee courts will not adjudicate ADEA claims. *Parker*, 677 S.W.2d at 456–57. Since the Tennessee courts provide a full and fair opportunity for plaintiffs to litigate ADEA claims in conjunction with state claims arising under Tenn.Code Ann. § 4–21–124, an ADEA claim can be barred, if the circumstances warrant, where a state discrimination claim was adjudicated in the Tennessee courts and where the federal claim was not presented.

█ The Tennessee courts have held that if a second lawsuit involves the same parties acting in the same capacities and touches the same subject matter as the first lawsuit, then the principles of res judicata apply. *National Cordova Corp. v. City of Memphis*, 214 Tenn. 371, 380 S.W.2d 793, 798 (1964); *Grange Mutual Casualty Co. v. Walker*, 652 S.W.2d 908, 909–10 (Tenn.App.1983). These requirements clearly have been satisfied here. Thus, the doctrine of res judicata bars consideration of all claims that were *or reasonably could have been litigated* by Goin in the state court action. *American National Bank & Trust Co. v. Clark*, 586

---

**4.** The defendants also claim that Congress violated the due process clause of the Fourteenth Amendment of the federal constitution in prohibiting states from involuntarily retiring policemen and firemen while permitting the federal government to do so. *See* 5 U.S.C. § 8335(b). This argument is rejected because a due process challenge to federal government action must be brought under the Fifth Amendment. The Fourteenth Amendment applies only to actions of the states.

**5.** The district court reasoned, for instance, that "the issues raised in the State action were not the same as or equivalent to the issues raised in the action *sub judice* ..." 567 F.Supp. at 1347. Identity of issues and the actual litigation of such issues are relevant factors, however, only

in issue preclusion (collateral estoppel) cases. *See Migra*, 104 S.Ct. at 894 n. 1. As has been indicated, the defendants have eschewed reliance upon an issue preclusion theory, relying instead upon a defense of claim preclusion. Claim preclusion bars litigation in a second suit of claims that should have been raised, but were not raised or decided, in the initial suit. *Id.*

**6.** The judgment of the Knox County Chancery Court was affirmed by the Tennessee Court of Civil Appeals on November 15, 1983. The res judicata effect of a Tennessee court judgment remains until the judgment is reversed or vacated. *See Merchants & Manufacturers Transfer Co. v. Johnson*, 55 Tenn.App. 537, 403 S.W.2d 106, 107 (1966).

S.W.2d 825, 826 (Tenn.1979); *National Cordova Corp.*, 380 S.W.2d at 798; *Gibson Lumber Co. v. Neely Coble Co., Inc.*, 651 S.W.2d 232, 234 (Tenn.App.1983).

■ In order to determine whether Goin could have raised the federal claim in the Knox County Chancery Court action, we first examine the language of ADEA. Title 29 U.S.C. § 626(d) provides that a private plaintiff such as Goin may not commence a § 626 age discrimination action until sixty days after the plaintiff has filed a charge with the EEOC. Moreover, where a state agency exists that may grant or seek relief from discriminatory practices, a private plaintiff may not commence a § 626 age discrimination action until sixty days after state administrative proceedings have commenced. 29 U.S.C. § 633(b); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753–58, 99 S.Ct. 2066, 2070–72, 60 L.Ed.2d 609 (1979). Tennessee has created such an agency. *See* Tenn.Code Ann. §§ 4–21–103 & 4–21–104. Although a plaintiff need not wait longer than sixty days for a state agency to act, *Evans*, 441 U.S. at 761, a plaintiff must commence state proceedings and wait sixty days before filing an ADEA action.

■ In the present case, Mayor Tyree ordered Goin's involuntary retirement on December 16, 1982. The Chancery Court entered final judgment in favor of the City on February 8, 1983. Had Goin filed a charge with the EEOC and commenced state administrative proceedings on the same day that the Mayor ordered his involuntary retirement, sixty days still would not have elapsed before the Chancery Court entered final judgment. Thus, even had Goin wished to assert the ADEA claim during the pendency of the Chancery Court action, he could not have done so because of 29 U.S.C. §§ 626(d) and 633(b). Since the ADEA claim could not have been raised in the Chancery Court action under the

facts of this case,[7] Goin's federal claim is not barred by principles of res judicata.

■ The defendants first seek to avoid this result through a creative reading of 29 U.S.C. §§ 626 and 633. The defendants correctly note that § 626(b) states that the provisions in the chapter entitled "Age Discrimination in Employment," "shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title and *subsection (c) of this section*" (emphasis supplied). The defendants contend that both the prohibition in § 626(d) that "no civil action may be commenced by an individual *under this section*" (emphasis supplied) until charges have been filed with the EEOC, and the prohibition in § 633(b) that "no suit may be brought *under § 626* of this title" (emphasis supplied) until sixty days after state administrative proceedings have commenced, refer only to actions involving § 626(c) and not to actions involving § 216. The defendants assert that because Goin could have invoked § 216, Goin could have filed his ADEA claim together with his federal constitutional, state constitutional and state statutory claims in state court without waiting sixty days. Since Goin could have raised his ADEA claim in the Chancery Court action, the defendants conclude that the present suit is barred on grounds of res judicata.

The defendants' reading of §§ 626 and 633 is faulty in two respects. First, the defendants assume that an ADEA case involving the powers, remedies and procedures of 29 U.S.C. § 216 is not a § 626 action. This assumption is incorrect; since § 626(b) incorporates § 216 (except for subsection (a) thereof) by reference, all ADEA actions involving § 216 are also § 626 actions. By their own terms, §§ 626(d) and 633(b) apply to § 626 actions.

Second, the defendants' reading would be incorrect even if ADEA suits involving

---

**7.** We do not address the question of whether Goin would have been required to amend his state court complaint in order to assert the ADEA claim had the Chancery Court action remained pending for more than sixty days after timely filing of charges with the EEOC and timely commencement of state administrative proceedings.

§ 216 were not § 626 actions. Section 216(b) states in pertinent part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) *in any Federal or State court* of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. [Emphasis supplied.]

This language clearly provides that actions may be brought in federal court as well as state court. If, as the defendants contend, the filing and deferral provisions contained in §§ 626(d) and 633(b) do not apply to ADEA cases involving the powers, remedies and procedures of § 216, then a plaintiff could initiate such an action in *federal* court without either filing a charge with the EEOC or waiting sixty days after the commencement of state administrative proceedings. This result is plainly untenable. The requirements of §§ 626(d) and 633(b) apply to ADEA actions involving § 216 whether they be filed in state or federal court.

The defendants' second argument is that the filing and deferral provisions of §§ 626(d) and 633(b) are procedural rules rather than substantive limitations on the rights of plaintiffs. They argue, therefore, that the Tennessee courts are free to follow their own procedures and to adjudicate ADEA claims regardless of whether a given plaintiff has complied with the requirements of §§ 626(d) and 633(b). If this argument is meritorious, then Goin could have raised the ADEA claim in the Chancery Court and his claim would be barred on grounds of res judicata.

As a general rule, neither Congress nor the federal courts may require state courts to follow federally preferred procedures. *See Wilson v. United States Department of Agriculture, Food and Nutrition Service,* 584 F.2d 137, 140–41 (6th Cir.1978). *Cf. Bournias v. Atlantic Maritime Co., Ltd.,* 220 F.2d 152, 154 (2d Cir.1955) (general conflict of laws principles). Unlike the defendants, however, we view the filing and deferral provisions of §§ 626(d) and 633(b) as substantive limitations on the rights of plaintiffs that non-federal forums must respect. *Id.* at 154.

Our conclusion is supported by analogous authority governing when trial forums (here, the Knox County Chancery Court) must apply non-forum statutes of limitations. The filing and deferral provisions of §§ 626(d) and 633(b) are analogous to statutes of limitations. A statute of limitations specifies the time *after* which no suit may be filed; similarly, ADEA's filing and deferral provisions specify a time *before* which no action may be brought.

Although a trial forum normally may ignore another jurisdiction's statute of limitations as being a procedural rule affecting only the remedy, *Davis v. Mills,* 194 U.S. 451, 454, 24 S.Ct. 692, 693, 48 L.Ed. 1067 (1904); *Bournias,* 220 F.2d at 154, Beale, *Conflict of Law* § 603.1 (1935), a foreign statute of limitations must be applied by the trial forum if the statute of limitations eliminates the underlying substantive right as well as the remedy. *See Bournias,* 220 F.2d at 155; *Restatement (Second) of Conflict of Laws* § 143 (1971). The Supreme Court has held that where one jurisdiction by statute creates a new legal right unknown at common law and in the same statute limits the time period during which that right may be enforced, then the limitation is a condition attached

to the underlying substantive right and does not limit merely the remedy. *Davis,* 194 U.S. at 454, 24 S.Ct. at 693; *The Harrisburg,* 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358 (1886).[8] In those situations, the trial forum must honor the limitation on the substantive right. Indeed, a recent Tennessee case indicates that the Tennessee courts honor such substantive limitations:

> Where federal statutes create a right of action, any time limitation imposed therein controls as to time allowed for bringing suits in state courts.

*Hoge v. Roy H. Park Broadcasting of Tennessee, Inc.,* 673 S.W.2d 157, 160 (Tenn. App.1984). The ADEA created new substantive rights unknown at common law. Moreover, the filing and deferral provisions are within the same Act. Under *Davis* and *The Harrisburg,* those provisions must be regarded as substantive limitations on rights as opposed to procedural constraints on mere remedies.

 What little relevant legislative history that exists supports this analysis. *See* Beale, § 605.1 (legislative intent is relevant). In discussing § 14 of ADEA, entitled "Federal-State relationship" (codified as 29 U.S.C. § 633), the House Report[9] stated in pertinent part:

> Section 14 provides for *concurrent Federal and State actions,* except that in States having laws prohibiting discrimination in employment because of age, *no suit may be brought under this act* before the expiration of 60 days after proceedings have been commenced under the State law.... [Emphasis supplied.]

*H.Rep. Report No.* 805, 90th Cong., 1st Sess., *reprinted in* 1967 *U.S.Code Cong. & Ad.News,* 2213, 2218–19. This language indicates that in deferral states such as Tennessee, Congress intended that no ADEA claim may be brought in state court until sixty days after state administrative proceedings have commenced.[10] Thus, Congress appears to have intended ADEA'S filing and deferral provisions to be substantive limitations on the rights of plaintiffs. Since the requirements of §§ 626(d) and 633(b) are substantive rather than procedural constraints on the rights created by ADEA, plaintiff Goin was obligated to satisfy those requirements before filing an ADEA claim in state court. As has been indicated, Goin could not have satisfied those requirements even had he filed charges with the EEOC and the state agency on the day that Mayor Tyree announced Goin's upcoming involuntary retirement. Since Goin could not have raised the ADEA claim in state court, the present action is not barred on grounds of res judicata.

Before proceeding to consider the other issue presented in this case, we address a point concerning the res judicata question that the defendants have not raised. It could be argued that a person in Goin's situation should first file charges with the EEOC, commence state administrative proceedings and then wait sixty days before filing a state court action. Under that scenario, the ADEA claim could be raised in the state court action. A problem with that approach, however, is that Goin sought to obtain a temporary restraining order and permanent injunctive relief in state court. A plaintiff desiring such relief generally is unable to wait sixty days before the injury that he seeks to avoid will befall him.

---

**8.** If the statute of limitations is contained in a statute separate from the one in which the right was created, then the limitations period must be "directed to the newly created liability so specifically as to warrant saying that it qualified the right," *Davis,* 194 U.S. at 454, 24 S.Ct. at 694; *Bournias,* 220 F.2d at 155, in order for the limitations period to be regarded as substantive. Since the filing and deferral provisions involved here are contained within ADEA, the more stringent rule is inapplicable.

**9.** The legislative history indicates that while the Senate bill was passed in lieu of the House bill, the text of the House bill was used.

**10.** We perceive nothing in the legislative history indicating that Congress intended a different rule in non-deferral states.

■ We hold that a plaintiff should not be forced to forfeit potential state-created remedies in order to ensure that an ADEA claim will be cognizable in a state court action. To rule otherwise would unduly interfere with the scheme adopted by the State of Tennessee to eradicate employment discrimination. Tennessee does not require a plaintiff to defer to a state administrative agency before filing a state court action under Tenn.Code Ann. § 4–21–124. *See Hoge,* 673 S.W.2d at 160. Requiring a plaintiff to wait sixty days before filing a state court action in order to ensure that an ADEA claim will be cognizable in that action would, in effect, engraft a waiting period upon Tennessee's employment discrimination statute that the Tennessee legislature has rejected. This we are unwilling to do. The district court correctly concluded that Goin's ADEA claim is not barred on grounds of res judicata.

### III.

The district court refused to find the defendants' violation of ADEA to be willful, and consequently declined to award liquidated damages, *see* 29 U.S.C. § 626(b). The court held that the defendants had believed in good faith that ADEA could not constitutionally be applied to the City.

As of December 16, 1982, the date on which Mayor Tyree announced the involuntary retirements, it had not been definitively decided whether applying ADEA to state and local governments would violate the Tenth Amendment. Although at least two circuits and numerous district courts had held that ADEA could constitutionally be applied to state and local governments, *see EEOC v. Wyoming,* 460 U.S. 226, 234 n. 6, 103 S.Ct. 1054, 1059 n. 6, 75 L.Ed.2d 18 (1983), three district courts had ruled to the contrary. *See Campbell v. Connelie,* 542 F.Supp. 275 (N.D.N.Y.1982); *Taylor v. Department of Fish and Game,* 523 F.Supp. 514 (D.Mont.1981); *EEOC v. Wyoming,* 514 F.Supp. 595 (D.Wyo.1981), *rev'd* 460

U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18. Moreover, although the *EEOC v. Wyoming* case had been argued before the Supreme Court on October 5, 1982, the Court did not render its 5–4 decision reversing the district court and upholding the applicability of ADEA to state and local governments until March 2, 1983. As of December 16, 1982, therefore, the constitutionality of applying ADEA to the City remained very much in doubt.

■ The Supreme Court recently defined what constitutes willful conduct for purposes of ADEA in *Trans-World Airlines, Inc. v. Thurston,* —— U.S. ——, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). The Court held that in order to obtain liquidated damages [11] for a willful violation, the plaintiff must prove that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Id.* at 624. Although a plaintiff need not show that the employer had specific intent to violate the Act, *id.* at 624 n. 19, a plaintiff may not prevail merely by showing that the employer was "cognizant of an appreciable possibility that the employees involved were covered by the ADEA." *Id.* at 625. Furthermore, the Court emphasized that liquidated damages may not be assessed against an employer who acted "reasonably and in good faith in attempting to determine whether [its conduct] would violate the ADEA." *Id.* at 626. In other words, an employer is not liable for liquidated damages if it acted in good faith and had "reasonable grounds for believing," *id.* at 625 n. 22, that its conduct would not violate the Act. The Court's ruling as to the good faith defense effectively overrules so much of this court's decision in *Rose v. National Cash Register Corp.,* 703 F.2d 225 (6th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 352, 78 L.Ed.2d 317 (1983), as held that an employer's protestations of good faith are irrelevant.

■ In the present case, the defendants did not have actual knowledge on Decem-

---

**11.** Contrary to Goin's argument, liquidated damages are punitive in nature. *Thurston,* 105 S.Ct. at 624.

ber 16, 1982 that the involuntary retirements would violate ADEA. The case law was split at that time and the Supreme Court had not yet ruled in *EEOC v. Wyoming*. Furthermore, the defendants' reliance upon the district court decisions in *Campbell, Taylor* and *EEOC v. Wyoming* was reasonable as a matter of law. To hold otherwise would mean that a party always acts unreasonably in relying upon case law which, while arguably valid,[12] adopts a distinctly minority position. It is beyond cavil that appellate courts, including the Supreme Court, sometimes adopt what previously were minority positions.

Moreover, the district court ruled that the defendants had acted in good faith. Although Goin now argues that the defendants relied upon *EEOC v. Wyoming* as an excuse to disguise politically motivated involuntary retirements, we hold that the district court's factual finding was not clearly erroneous. Since the defendants relied upon the district court decision in *EEOC v. Wyoming* reasonably and in good faith, they could not, by definition, have acted with reckless disregard for whether ADEA applied. The district court correctly held that the defendants had not willfully violated ADEA.

### IV.

Goin's motion to supplement the record is DENIED. The judgment of the district court is AFFIRMED. The defendants shall bear the costs of this appeal.

---

**12.** Although the point is not necessary to our decision, we note the closeness of the Tenth Amendment question in *EEOC v. Wyoming* as reflected in the final vote of the nine Justices.