**Frances DICKERSON, Appellant,**

v.

**DELUXE CHECK PRINTERS, INC., Appellee.**

**No. 84–2555.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided Feb. 12, 1986.

Rehearing and Rehearing En Banc Denied March 19, 1986.

John D. Lynn, St. Louis, Mo., for appellant.

Richard D. Watters, St. Louis, Mo., for appellee.

Before HEANEY, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Frances Dickerson appeals the district court's refusal to award post-trial liquidated damages in her employment discrimination action brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* We affirm.

On remand from a previous appeal in this action, *Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276 (8th Cir.1983), the district court was called upon to conduct a hearing to consider Dickerson's request for various types of equitable relief. *Id.* at 284. Additionally, as a necessary result of the delay created by the earlier appeal and cross appeal, issues such as post-trial back pay, post-trial liquidated damages, and post-appeal attorneys' fees arose.

Prior to the district court's hearing on the outstanding issues, however, the parties were able to settle all outstanding questions except two. The first issue concerned the amount of attorneys' fees to be awarded to Dickerson's attorneys for their post-appeal work. The second question involved the availability of liquidated damages for the post-trial period.

On the issue of attorneys' fees, the district court concluded that $5,050 in fees should be awarded to Dickerson's attorneys. Deluxe Check Printers, Inc. (Deluxe) has not appealed the district court's ruling on this question. With respect to post-trial liquidated damages, the district court refused to award these damages, and Dickerson appeals from that denial.

■ It is now settled that under the ADEA liquidated damages are "punitive in nature" and may be awarded only for the "willful violation[ ]" of the ADEA. *Trans World Airlines, Inc. v. Thurston,* — U.S. —, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985); 29 U.S.C. § 626(b). Further, a violation can be considered willful only if it demonstrates a knowing or reckless disregard for the requirements of the ADEA. *Trans World Airlines,* 105 S.Ct. at 624; *Gilkerson v. Toastmaster, Inc.,* 770 F.2d 133, 137 (8th Cir.1985). In this case, the district court, after considering the entire post-trial period, concluded that Deluxe's actions did not constitute a willful attempt to avoid the mandates of the ADEA and refused to award post-trial liquidated damages.

The district court's finding on the issue of willfulness, like other questions of discriminatory intent, is a finding of fact and may be overturned only if found to be "clearly erroneous." Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City,* — U.S. —, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985); *Easley v. Anheuser-Busch, Inc.,* 758 F.2d 251, 259 (8th Cir. 1985); *Marafino v. St. Louis County Circuit Court,* 707 F.2d 1005, 1006 (8th Cir. 1983) (per curiam). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Anderson,* 105 S.Ct. at 1511 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Our review of the record convinces us that no clear error has been committed. *See Whitfield v. City of Knoxville,* 756 F.2d 455, 464 (6th Cir.1985). Deluxe has made a reasonable and good faith attempt to comply with both the judgment of the district court and the. mandate of this court's ruling on appeal. Further, while its appeal from a portion of the district court's judgment after trial was eventually rejected by this court, that appeal was not frivolous. We do note, however, that in an appropriate case the prosecution of a patently frivolous appeal or extensive and unwarranted dilatory tactics on the part of a defendant in the face of a clear violation of the ADEA could provide sufficient grounds for a finding of willfulness.

We have carefully considered each of the issues raised by Dickerson challenging the district court's denial of liquidated damages and find them to be without merit. Thus, the decision of the district court de-

nying Dickerson an award of post-trial liquidated damages is affirmed.

Affirmed.