890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
BUFORD EVANS & SONS, Defendants-Appellees.
 No. 89-5320.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Earlene Polyak, a pro se Michigan resident, appeals from the district court's order directing the clerk of the district court not to file a complaint which she had submitted.
 
 
 3
 Polyak's complaint is another attempt to overturn the results of a Tennessee state court action by relitigating the issues involved in that proceeding. The Tennessee litigation involved a suit against Polyak by her siblings which resulted in the partition sale of land and a dwelling they had inherited as tenants in common from their parents. Appellee, Buford Evans and Sons surveyed the disputed property involved in the Tennessee litigation in order to determine if it could be equitably partitioned between the litigants. Polyak states in her present complaint that she has discovered new evidence concerning the invalidity of the survey performed by appellees.
 
 
 4
 Based upon the increasing number of actions brought by Polyak, the district court entered an earlier order enjoining her from filing any further litigation concerning the Tennessee court action without the express permission of the court. Thus, the district court reviewed Polyak's instant complaint, found that it was barred by res judicata, and denied permission to file the complaint. After the district court denied Polyak's subsequent petitions for a rehearing, she filed a timely appeal. In addition, Polyak has filed a motion to supplement the record.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by that court and deny the motion to supplement the record.
 
 
 6
 First, the motion to supplement the record must be denied because a similar motion seeking to consolidate cases nos. 89-5320 and 89-8507 has already been denied because the cases are duplicates.
 
 
 7
 Second, this court has already approved the practice of a district court requiring prolific litigators to obtain leave of the court before filing further complaints. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order). Moreover, the district court has properly concluded that the doctrine of res judicata bars Polyak's complaint. Despite Polyak's allegations of new evidence, the actions which form the core of her complaint were already committed by the parties or their counsel in furtherance of state court action. Affording the same res judicata effects to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984); Whitfield v. City of Knoxville, 756 F.2d 455, 459-60) (6th Cir.1985), we are of the opinion that the doctrine of res judicata, as applied in Tennessee, bars the claims which Polyak seeks to raise.
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed and the motion to supplement the record is hereby denied pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.