948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank HULEN; Wilma Lesnansky, Plaintiffs-Appellees, (91-5655)
Earlene Polyak, Plaintiff-Appellant, (91-5656) (91-5657)
v.
Earlene POLYAK, Defendant-Appellant, (91-5655)
Frank Hulen; Wilma Lesnansky, Defendants-Appellees, (91-5656)
Thomas Stack; Henry, Henry & Stack, Defendants-Appellees. (91-5657)
 Nos. 91-5655, 91-5656 and 91-5657.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1991.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Earlene Polyak, a pro se resident of Michigan and Florida, appeals from three district court judgments directing the clerk of the district court not to file complaints which she had submitted. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Polyak's complaints are part of her recurrent efforts to relitigate a Tennessee state court action which resulted in the partition sale of land that she and her siblings, Hulen and Lesnansky, had inherited as tenants in common. Polyak seeks to overturn the Tennessee court decision, which has become final under state law, by instituting numerous federal actions against the parties to the state litigation and their representatives. In this instance, Polyak seeks to challenge the Tennessee decision on the grounds of newly discovered evidence. Polyak asserts that she has new evidence: (1) that a burley tobacco allotment for the land in question was transferred without her consent; and (2) that she was forced to pursue her case in state court and in the federal courts while she was in ill health.
 
 
 3
 After a review, the district court denied Polyak permission to file the complaints based on its earlier order enjoining Polyak from filing further litigation regarding her state court action without the express permission of the court. Polyak has filed a timely appeal.
 
 
 4
 Upon review, we affirm the district court's judgments for the reasons stated in the three memoranda and orders issued on March 21, 1991.
 
 
 5
 This court has previously approved the district court's practice of requiring prolific litigators to obtain leave of the court before further complaints will be accepted for filing. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order). Moreover, the district court has properly concluded that the doctrine of res judicata bars Polyak's complaint. Despite her claims of newly discovered evidence, her complaints are nothing more than an attempt to relitigate previous state court proceedings that were terminated in a final state court action adverse to Polyak's interests. Affording the same res judicata effect to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984); Whitfield v. City of Knoxville, 756 F.2d 455, 458-60 (6th Cir.1985), we conclude that the doctrine of res judicata, as applied in Tennessee, bars the claims which Polyak sought to raise in her complaints.
 
 
 6
 Finally, we conclude that this case is appropriate for the application of sanctions against Polyak pursuant to Fed.R.App.P. 38. See Martin v. Commissioner of Internal Revenue, 756 F.2d 38, 40-41 (6th Cir.1985). These cases are Polyak's forty-second, forty-third and forty-fourth appeals (including prior mandamus petitions) concerning this property dispute. Further, this court has assessed sanctions against Polyak in cases similar to this case. Therefore, due to the frivolous nature of this appeal, we impose both double costs and attorneys fees against Polyak pursuant to Fed.R.App.P. 38.
 
 
 7
 Accordingly, the district court's judgments are hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Double costs and attorneys fees are hereby imposed against Polyak pursuant to Fed.R.App.P. 38. An itemized and verified bill for the costs and attorneys fees may be filed with the Clerk of this Court, with proof of service within fourteen days after the entry of this order.
 
 
 
 *
 The Honorable William H. Timbers, Senior Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation