Leader Tech. v. MultiNational Resour CV-01-359-JD 12/03/04

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Leader Technology Co.

    v.                                Civil No. 01-359-JD
                                         Opinion No. 2004 DNH 178
MultiNational Resources, Inc.


O R D E R


Leader Technology Company brought suit in state court against MultiNational Resources, Inc. ("MNR"), alleging breach of contract and quantum meruit. MNR then removed the action to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and brought several counterclaims. MNR moved to remand the case for arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., pursuant to the arbitration clause in the parties' agreement. The court granted that part of MNR's motion seeking arbitration. Order, Dec. 19, 2001, (doc. no. 11).


Background

The parties arbitrated their dispute before a three-arbitrator panel of the American Arbitration Association ("AAA"). On August 16, 2004, the panel issued its decision to award Leader $495,766.07, and the AAA issued the award on August 24, 2004. On September 1, 2004, Leader filed a petition to confirm the arbitration award pursuant to 9 U.S.C. §§ 9 and 13. MNR objected

to the petition on the ground that it intended to file an application, pursuant to the AAA Rules, to correct computational errors in the award. The panel denied MNR's application on September 28, 2004.

MNR then filed a second objection to Leader's motion to confirm and a motion to stay the proceedings, seeking time to file a motion to vacate the award. MNR cited the New Hampshire Arbitration Act, New Hampshire Revised Statutes Annotated ("RSA") § 542:8, et seq., as the basis for its planned motion. Leader objects to MNR's motion to stay the proceedings.

## Discussion

Leader asserts that the arbitration panel's award should be confirmed pursuant to 9 U.S.C. §§ 9 and 13, asking the court to enter judgment confirming the award in its favor of $495,776.07. MNR objects to Leader's motion on the ground that it intends to file a motion to vacate the award and asks that the proceedings be stayed until ninety days after September 28, 2004, by which time MNR intends to file its motion. MNR asserts that New Hampshire law governs the remaining issues in this case.

A. Governing Law

MNR contends that choice-of-law clause in the parties' agreement directs that New Hampshire law, including the New Hampshire Arbitration Act, governs the court's review of the arbitration award. That clause provides that the "Agreement is made under, and the validity, construction and performance of this Agreement shall be governed and interpreted in accordance with, the laws of the State of New Hampshire, United States of America." Motion for Stay, Ex. A, ¶ 15 (doc. no. 18). With respect to arbitration, however, the same clause provides that the parties' disputes "shall be finally settled by binding arbitration to be conducted in the State of New Hampshire in accordance with the Commercial Arbitration Rules of the American Arbitration Association."

As is noted above, the parties have proceeded to this point under the FAA. The court previously held that the FAA governed the proceedings because the parties' agreement concerns interstate commerce. Order, Dec. 19, 2001, at 5. MNR did not challenge that decision and failed to mention it in its present motion.

Even if this issue had not been resolved previously in this case, MNR's argument that New Hampshire arbitration law governs would not succeed. Parties may agree to arbitrate under state

3

law.  See, e.g., <u>Ford v. NYLCare Health Plans of the Gulf Coast,</u> <u>Inc.</u>, 141 F.3d 243, 248-49 (5th Cir. 1998); <u>Ekstrom v. Value</u> <u>Health, Inc.</u>, 68 F.3d 1391, 1395-96 (D.C. Cir. 1995); <u>Int'l</u> <u>Techs. Integration, Inc. v. Palestine Liberation Org.</u>, 66 F. Supp. 2d 3, 8-10 (D.D.C. 1999).  If the parties intend that state arbitration laws govern their proceedings, however, that intent must be stated clearly to avoid the presumption that the FAA governs arbitration.  See, e.g., <u>Mastrobuono v. Sherson Lehman</u> <u>Hutton, Inc.</u>, 514 U.S. 52, 63-64 (1995); <u>Roadway Package Sys.,</u> <u>Inc. v. Kayser</u>, 257 F.3d 287, 294-95 (3d Cir. 2001); <u>Paine Webber</u> <u>Inc. v. Elahi</u>, 87 F.3d 589, 594 (1st Cir. 1996); <u>Calabria v.</u> <u>Franklin Templeton Servs., Inc.</u>, 2001 WL 1180466, at *3 (N.D. Cal. Sept. 26, 2001).

In this case, the choice-of-law clause states that the agreement will be construed under New Hampshire law.  At the same time, however, the clause provides for arbitration under federal law.  Therefore, the FAA, rather than state law, applies to the court's review of the arbitration proceeding.  See <u>Paine Webber</u>, 87 F.3d at 594.

4

B.  Motion to Stay the Proceedings

MNR asks the court to stay the proceedings here for ninety days after September 28, 2004, pursuant to Federal Rule of Civil Procedure 81(e).  Although MNR asserts that it is entitled to file a motion to vacate the award within one year, as provided by RSA 542:8, it states that it intends to file its motion within ninety days as provided under the FAA, 9 U.S.C. § 12.  MNR asks the court not to consider Leader's motion to confirm the award and to stay the proceedings until it files its motion to vacate. Leader objects and asserts that under 9 U.S.C. § 12, MNR would have only three months after August 24, 2004, to file a motion to vacate.

RSA 542:8 does not apply in this case.  Under the FAA, a party has ninety days to challenge the arbitrator's award.  9 U.S.C. § 12; Prudential-Bache Securities, Inc. v. Tanner, 72 F.3d 234, 239 (1st Cir. 1995).  The ninety-day period begins when the award is "filed or delivered."  9 U.S.C. § 12.  As long as the arbitral award resolves the parties' claims, it is final when it is filed or delivered and the time under § 12 begins to run, although the arbitrators may retain jurisdiction to consider subsidiary matters or requests for correction.  Fradella v. Petricca, 183 F.3d 17, 19 (1st Cir. 1999).

In this case, there is no dispute that the award issued on

5

August 24, 2004, addressed all of the parties' claims.  MNR contends that the award was received by its counsel on August 25, 2004.  Therefore, counting ninety days from August 25, MNR had until November 23, 2004, to challenge the arbitrators' award in this proceeding.  No such challenge has been filed.  Therefore, MNR's motion to say the proceedings until ninety days from September 28, 2004, is denied as moot.

MNR filed a motion to vacate on December 2, 2004.  Because the deadline for a motion to vacate was November 23, 2004, that motion is untimely and will not be considered.

C.  Motion to Confirm

A motion to confirm an arbitrators' award may be brought in this court.  9 U.S.C. § 9.  In the award, the arbitrators granted Leader's claim for money past due in the amount of $495,776.07 with interest accruing from thirty days after the award was transmitted to the parties and denied all of Leader's other claims.  The award requires Leader to return MNR's tooling after MNR pays the amounts awarded.  The arbitrators denied MNR's counterclaims.

MNR did not provide any substantive grounds in opposing Leader's motion to confirm the award.  Having reviewed the award in light of the parties' filings here, other than the late-filed

motion to vacate, the court concludes that it should be confirmed.

Conclusion

For the foregoing reasons, the plaintiff's petition to confirm the arbitration award (document no. 12) is granted. The defendant's motion for a stay of proceedings (document no. 18) is denied.

The arbitration award is confirmed. The clerk of court shall enter judgment accordingly when Leader files the papers required by 9 U.S.C. § 13, which shall be filed with the judgment. After judgment is entered, the clerk of court shall close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 3, 2004

cc:  Ronald E. Cook, Esquire
     Edwinna C. Vanderzanden, Esquire